THE STATE OF OHIO, APPELLEE, v. KERSEY, APPELLANT.

(No. 8188—Decided October 29, 1956.)

*Mr. Robert J. Paul,* city prosecutor, and *Mr. Ralph E. Cors,* for appellee.

*Mr. Edgar I. Schott, Jr.,* for appellant.

*Per Curiam.* The defendant, appellant herein, was convicted in the Municipal Court of Cincinnati of driving an automobile while under suspension of the right to drive an automobile for pleasure.

The conviction was affirmed by the Court of Common Pleas, and an appeal on questions of law was taken to this court.

The defendant was originally convicted of driving a motor vehicle while intoxicated. In addition to other penalties, the defendant was suspended from the privilege of driving an automobile for pleasure purposes.

This court finds it unnecessary to pass upon the question of the jurisdiction of the Municipal Court to limit the scope of a driver's suspension to pleasure purposes only, for the reason that the driver in this case has not shown any error to his prejudice caused by such limitation.

It appears from the evidence, summarized in a narrative bill of exceptions, that on the night on which defendant was arrested for violation of the suspension, he had visited the home of a general contractor for the purpose of examining specifications preparatory to tendering a bid for brick work. The de-

fendant was a brick contractor. After completing his work, he started toward his residence, and on the way stopped to have refreshments at a cafe, resuming his drive to his home immediately thereafter. He was arrested at 8th and Broadway in the city of Cincinnati, primarily for some traffic violation, and, upon furnishing his driver's license to the officer, it was discovered that he was under the driver's suspension above noted.

It is the contention of the prosecutor that by stopping at a cafe, the operation of his automobile for business purposes was not only interrupted but entirely abrogated, and that thereafter defendant was operating his automobile for pleasure purposes only.

It is admitted that the defendant at no time departed from a direct route from the place where he transacted business to his residence. At all times, therefore, in the *operation of his automobile,* he was returning from a business engagement to his home. The visit to the cafe might be considered an exercise of his time, when out of his automobile, for pleasure. On the other hand, it was toward midnight when he stopped at the cafe, and there is nothing in the evidence to show that such action was not entirely consistent with a reasonable purpose to secure nourishment and refreshment.

It is the conclusion of this court that such action did not break the continuity of the operation of the automobile, for purposes other than pleasure, from the place where he was transacting business within the scope of his trade, to his residence.

It is the opinion of this court that the prosecution wholly failed to prove any violation of his suspension and, therefore, the judgment and conviction of the trial court, and affirmance by the Court of Common Pleas, is reversed, and final judgment shall be entered in this court discharging the defendant from custody.

Such being the conclusion of the court, it becomes unnecessary to pass upon other assignments of error.

*Judgment reversed.*

Ross, P. J., HILDEBRANT and MATTHEWS, JJ., concur.